UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-62783-CIV-RKA

VALENDY VEDRINE,

    Plaintiff,

v.

CYPRESS COMMUNICATIONS, INC.,
CYPRESS COMMUNICATIONS OF
S. FLORIDA, INC., DEAN R. PEZZA,

    Defendants.
_____/

**<u>DEFENDANTS' RESPONSE TO STATEMENT OF CLAIM
AND
NOTICE OF PLAINTIFF'S NON-COMPLIANCE</u>**

COMES NOW, Defendants, CYPRESS COMMUNICATIONS, INC., CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., and DEAN R. PEZZA, by and through undersigned counsel, and pursuant to this Court's Order in Actions Brought Under the Fair Labor Standards Act [DE 4], hereby files its Response to Plaintiff's Statement of Claim [DE 10], and in support thereof, states as follows:

**<u>Plaintiff's Non-Compliance</u>**

1.    On November 8, 2019, this Court issued its Order in Actions Brought Under the Fair Labor Standards Act [DE 4]. The Fair Labor Standards Act is hereinafter referred to as the "FLSA".

2.    Pursuant to that Order, Plaintiff was required to file with the Court a "Statement of Claim" setting forth (a) an initial estimate of the total amount of unpaid wages; (b) a preliminary calculation of such wages; (c) the approximate period during which the alleged FLSA violations

occurred; and (d) the nature of the wages (e.g. overtime or regular pay) by December 2nd, 2019." *Id.*[1]

3. Further, pursuant to this Court's Order [DE 4]. Plaintiff was required to "promptly serve a copy of this Order, the Statement of Claim, and copies of **all** supporting documents (including time sheets, pay stubs, etc.) upon counsel for the Defendant(s)." *Id.* (emphasis original).

4. The Court specifically cautioned:

> "Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions, including the dismissal of this action or the entry of default."

*Id.* at ¶5 (emphasis original).[2]

5. Plaintiff filed his Statement of Claim on December 2, 2019 [DE 10]. Plaintiff's responses are wholly deficient and do not comply with the Court's Order [DE 4].

6. Specifically, Plaintiff merely proffers a vague chart of numbers as originally included in his Complaint as an average[], estimate[] and/or approximate[]". Notwithstanding the Court's Order, Plaintiffs have failed to furnish **any** explanation as to the calculation of wages. Instead, Plaintiffs' charts include unexplained categories without identifying how such categories relate to the ultimate claims, let alone explain how the figures in each category were determined.

7. Moreover, Plaintiffs failed to serve the Defendants with copies of **any** documents upon Plaintiff's Notice of Defendants' counsel appearance, which was submitted on December 6, 2019 and filed alongside the Defendants' Answer and Affirmative Defenses. Therefore, no

---

[1] As described in detail below, while Defendants recognize that this Court's Order identifies that the Plaintiff's burden is light, Plaintiff's statement of claim fails to meet even the minimum requirements as set forth by this Court's Order [DE 4].

[2] Additionally, on November 26, 2019, this Court issued an Order Scheduling Settlement Conference [DE 6] which imposed upon the Plaintiff a requirement to "be responsible for serving this Order on Defendants." *Docket Text for Order DE 6.* This Court's Order DE 6 also specifically cautions, "Sanctions will be imposed for failure to follow any of the requirements of this Order." *Id.* at ¶10. To date, Plaintiff has not served any Orders of any kind upon the Defendants; however, Defendants have reviewed the docket to ensure compliance with this Court's Orders.

documents have been provided that support the "Unpaid Overtime Wages" alleged to be owed in Plaintiff's Statement of Claim (and as alleged to be applicable).

8. District courts may… dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *Mocombe v. Russell Life Skills & Reading Found., Inc.,* 2014 U.S. Dist. LEXIS 187840, *36 citing *Perry v. Zinn Petroleum Companies, LLC*, 495 Fed. Appx. 981, 983 (11th Cir. Nov. 8, 2012) citing Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Id.* citing *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987); *Betty K Agencies*, 432 F.3d at 1337.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### **Defendants' Compliance**

Pursuant to Court Order [DE 4] at Paragraph 2, "Within 20 days of being served with Plaintiff's Statement of Claim, the Defendant(s) shall file a 'Response to the Plaintiff's Statement of Claim,' setting forth in detail any defenses the Defendant(s) may raise to the Plaintiff's claim(s) and serve on the Plaintiff with copies of **all** supporting documents."  Notwithstanding Plaintiff's statement of claim is woefully insufficient, inaccurate, and unsupported, Defendants respond as follows:

**Response to Plaintiff Valendy Vedrine's Statement of Claim Exhibit A [DE 10-1]**

1. On December 2, 2019, Plaintiff, Valendy Vedrine filed his Statement of Claim [DE 10-1] setting forth his alleged damages in this matter. *See* Plaintiff, Valendy Vedrine's Statement of Claim, previously filed with this Court [DE 10-1]. In his Statement, Plaintiff states that he is seeking $12,975.73 in unpaid overtime wages, liquidated damages and exclusive of attorneys' fees and costs.

2. As a preliminary matter, in all FLSA cases, plaintiffs bear the burden of proving they performed overtime work for which they were not compensated. *See Skelton v. Am. Intercontinental Univ. Online*, 382 F.Supp.2d 1068, 1072 (N.D. Ill. 2005). "While this is not an onerous burden, the Plaintiffs may not result to guesswork." *Gonzalez v. Metro. Delivery Corp.,* 2012 U.S. Dist. LEXIS 63687, *7 (S.D. Fla. 2012).

3. A cursory review of the Statement of Claim Exhibit A [DE 10-1] indicates that Plaintiff has, in his own words, alleged that the "Numbers are averages, estimates, and/or approximates." Plaintiff does not take any measures to explain how the numbers alleged were determined, how the amounts alleged were calculated, how the hours worked were determined, how the figure for average weekly pay were determined, nor how the figures for the overtime hourly rate were determined.

4. Instead, Plaintiff has attempted to "estimate" his calculation of damages, through sheer guesswork, extremely broad averages, and by inappropriately duplicative and otherwise unsupported methods.

5. Notwithstanding, Defendants respond to the Statement of Claim [DE 10-1] based on the information gleaned from the filings to date.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

6. Notably, the Statement's [DE 10-1] calculation of Total Unpaid Overtime Wages claims $6,487.86 with no supporting evidence of how this number was arrived at nor was any supporting evidence provided which details how this number was determined.

7. Moreover, the claimed amount of hours is hypothesized by Plaintiff to be an average of 103 hours worked each week which is **grossly** inaccurate and inflated. Thus, the Statement [DE 10-1] further demonstrates sheer guesswork, extreme averages, and unsupported methods by including hours Plaintiff knows he did not work.[3]

8. Relevantly, Plaintiff was hired and employed as a technician in 2013 to be properly compensated on a piece-work basis following his probationary/training period. His hours were logged each day and signed off at the end of each day worked.

9. However, in or around September of 2015, Plaintiff transitioned and was promoted into a supervisor role wherein he was thereafter paid a salary. Plaintiff signed documentation that acknowledged his supervisor role and supervisory duties.

10. Further, at all relevant times where Plaintiff qualified as an exempt employee, Plaintiff was paid a salary in excess of the minimum requirements to meet the FLSA exemption and held duties in compliance with the requirements of the exemption such as, for example, supervising a team of full-time employees and training full–time employees, as well as, training new hires.

11. Defendants argue that Plaintiff's allegations are barred by the applicable statute of limitations; all allegations are within a time period which is over two years, but under three years

---

[3] While Defendants remain cognizant that Plaintiff need not prove his exact damages and claims at this stage of the litigation, Defendants should not be forced to defend against Plaintiff's claim when he cannot even provide basic responses to the questions: how do you calculate the wages you claim you are owed?

of the filing of the Complaint. Defendants assert that at all times they acted in good faith and any acts or omissions of Defendants were not willful or intentional under the FLSA.

12. As Plaintiff is fully aware, at the relevant time of November 7, 2016 (three years prior to the filing of the Complaint) he was a salaried, exempt employee making $913.20 per week and not including any additional bonuses paid to him.

13. Notwithstanding being an exempt employee, Plaintiff alleges that he is owed overtime for the time period of November 7, 2016 until the end of his employment which is alleged to be on April 20, 2017.

14. However, towards the end of his employment, in or around March 12, 2017, Plaintiff was demoted back to being a piece-work employee and no longer held his supervisory role.

15. Additionally, of import is the fact that Plaintiff's hours were logged and signed off again at the end of each week worked as a piecework employee giving Plaintiff multiple opportunities to point out any inaccuracies. Plaintiff signed each day's and each week's paystubs declaring "under penalty of perjury that the hours written above are a true and accurate statement of all the hours I worked. If there is any error, I have reported it in writing to my supervisor." Plaintiff never reported nor claimed any errors in writing to his supervisor. Thus, even to the extent Plaintiff may be believed to have worked such hours, the fact remains that the entire Statement [DE 10-1] is inaccurate and unsupported.

16. In certain instances, modifications were made to Plaintiff's travel logs and reported time. On every such occasion, Plaintiff once again signed off on the corrected times and never reported nor claimed any errors in writing to his supervisor. Thus, even to the extent Plaintiff may

be believed to have worked such hours, the fact remains that the entire Statement [DE 10-1] is inaccurate and unsupported.

17. The examples set forth above are merely a cursory sample of the deficiencies of Plaintiff's Statement [DE 10-1] and should not be considered in isolation or as the limit to its inaccuracies.[4]

18. Defendants deny the entirety of Plaintiff's Statement of Claim, including the average number of hours of overtime worked, his claim that overtime was unpaid (where it was even applicable), his overtime rate of pay, his application and calculation of the amount identified as liquidated damages, and his total estimated valuation.

19. The estimated amounts and wage rates set forth in the Statement of Claim [DE 10-1] are incorrect and strenuously denied. Plaintiff was fully compensated pursuant to all state and federal wage and hour laws. To be sure, he was originally compensated at an hourly basis and, following the probationary/training period, was thereafter compensated on a piece-work basis until promoted to a supervisory role, which thereafter he was appropriately paid well above the minimum requirements to be exempt from overtime, and when transitioned back to being a pieceworker employer, was compensated properly until his separation on or around April 20, 2017.

20. The alleged overtime hourly rate of pay ($13.11) is incorrect and denied. The Plaintiff failed to tender any documents along with the Statement of Claim and therefore, there is no documentation to assist in the identifying of how the Plaintiff estimated, calculated, or approximated the alleged totals of the Statement of Claim Exhibit A [DE 10-1]. Additionally, while exempt, no overtime would have been due regardless of hours worked.

---

[4] Notably, Plaintiff also fails to include any estimation of attorney's fees or costs.

21. Furthermore, the method used to calculate overtime is also inaccurate and denied. To reiterate, Plaintiff was an exempt employee for a majority of the time alleged, and following his demotion, Plaintiff was properly compensated on a piece-work basis in compliance with pieceworker laws and regulations.

22. Considering the facts stated above and other facts, together with the clear improbabilities and inaccuracies in Plaintiff's Statement [DE 10-1], Defendants contend that Plaintiff should be estopped from recovering any overtime wages, for any period of time, for having misled Defendants with respect to the number of hours he reported to have worked. *See McGlothan v. Walmart Stores, Inc.* No. 6:06-CV-94, 2006 WL 1679592, at *3 (M.D. Fla. June 14, 2006)("the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours."). Additionally, to the extent Plaintiff is entitled to overtime wages, such entitlement must be reduced or subject to set-off for time spent not working, on leave, vacation, sick leave, on break, and any other time that was not predominately for Defendants' or Plaintiff's benefit. *See*, *Gonzalez v. Metro. Delivery Corp.*, 2012 U.S. Dist. LEXIS 58279, *13 (S.D. Fla. 2012); *see also*, *Chapman v. Grable Plumbing Co.*, 2011 U.S. Dist. LEXIS 83998, 2011 WL 3269628 (M.D. Fla. 2011).

23. The Defendants further assert that Dean R. Pezza did not have the requisite operational and/or supervisory control to be individually liable herein.

24. Lastly, Defendants further object to the Plaintiff's request for liquidated or double damages and denies any claim for same. Defendants have, at all times, acted in good faith, and thus, no claim for liquidated damages or otherwise should be deemed meritorious.

**Defendants' Additional Defenses to Plaintiff's Statement of Claim**

1. Plaintiff failed to comply with conditions precedent and therefore his claims must be dismissed.

2. Any alleged overtime by Plaintiff spent on the job in excess of the Plaintiff's work week was *de minimums* as defined under the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), and therefore, Plaintiff is not entitled to compensation.

3. Plaintiff failed to mitigate his damages by acts which include 1) failure to complain of any alleged illegality and work requested of them; 2) failed to advise of any objection to working in excess of 40 hours per week or receiving compensation other than compensation in a form that could be calculated to provide payment for any overtime hours worked, including without limitation, commission payments or other forms of incentive based performance bonuses; 3) failed to advise the Defendants that he was, as alleged in the Complaint, working in excess of 40 hours per week in violation of their perceived legal rights; 4) failed to advise Defendants of any practice, policy, or procedure he believed or perceived as being in violation of his legal rights; 5) failed to advise Defendants that his compensation for any given work-week was inaccurate, or otherwise not full and complete compensation; and therefore, Plaintiff cannot recover against Defendants and/or any recovery should be proportionately reduced as a result of his failure to mitigate damages.

4. Even if Plaintiff was not fully compensated for overtime compensation, Defendants did not willfully violate the Fair Labor Standards Act. The Defendants acted in good faith reliance upon, and in conformity with, official written administrative recommendations, rulings, approvals, administrative interpretations, practices and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division, and in fact, possessed a reasonable, good

faith belief that any acts or omissions were not in violation of the Fair Labor Standards Act. Therefore, any relief is barred, in whole or in part.

5.   Plaintiff's claims for damages is barred by the doctrine of laches in that Plaintiff continued to work without any extra compensation for the alleged overtime hours worked and continued to do so continuously until the conclusion of his employment without asserting, claiming, or otherwise bringing to the attention of Defendants their claimed entitlement to certain compensation. To the extent Plaintiff did assert, claim, or otherwise bring to the attention of Defendants that he was entitled to overtime compensation and that he had not been fully compensated for such overtime, and was provided such compensation, Plaintiff's acceptance of any such compensation and failure to assert, claim, or otherwise bring to the attention of Defendants that such compensation was incorrect or otherwise not the full and complete amount of compensation owed, if any, the doctrine of laches bars Plaintiff's claim for damages, in whole or in part.

6.   Plaintiff did not work in excess of 40 hours per week except as previously and properly compensated per the pieceworker rules and regulations or at a time when Plaintiff was an exempt, salaried employee; in any instance in which Plaintiff was at the work place, or away from the workplace, in excess of 40 hours per week, he did so of his own volition and to attend to personal activities, including certain hobby activities, or otherwise non-compensable activities for which he received express advance permission to engage in the use of equipment and property belonging to these Defendants and, therefore, no compensation is due nor any calculation of work hours necessary or appropriate or legally required for time spent engaging in such personal pursuits.

7. Plaintiff's claims for unpaid overtime compensation is barred as the acts or omissions complained of were done in good faith and the Defendants were acting in good faith reliance on, and conformity with, the Portal-to-Portal Act, 29 U.S.C. §255(8), (11).

8. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to their principal activities.

9. Plaintiff's claims are barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendants were willful or intentional under the FLSA.

10. Defendants assert that they are entitled to a set-off as Plaintiff has no right to recovery in this action of any damages or collateral source benefits either paid or payable, including monies they received for unemployment benefits, wages they have received through alternate employment, or monies Plaintiff could have received through the exercise of reasonable diligence.

11. Plaintiff's claims are barred by the doctrines of waiver and/or ratification because if Defendants failed to pay Plaintiff's overtime compensation, which Defendants expressly deny, any such alleged failure should have been discovered by Plaintiff through the exercise of ordinary diligence, and Plaintiff's expressly and/or impliedly ratified the alleged actions of the Defendants by, among other things, agreeing to work in a position paid on a piece-rate basis and or salary basis.

12. Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

13. If Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half-time pay for any wages due during the time compensated as a pieceworker under pieceworker laws and regulations.

14. As to Defendant DEAN PEZZA, an individual, Defendant PEZZA denies that he was an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. §203(d) and further Plaintiff fails to state a claim upon which relief can be granted as against Defendant PEZZA and thus must be dismissed as to Defendant PEZZA.

15. As to Defendant CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., Defendant states that it is no longer an active corporation.

16. Defendants assert that Plaintiff's employment was subject during particular times to application of the pieceworker laws, rules and regulations.

17. Defendants assert that Plaintiff was employed as an exempt, salaried employee during particular relevant times and compensated him in compliance with FLSA regulations relating to the exemption for managerial employees.

18. Defendants assert that all actions taken were made in good faith, and without malice or intent to harm.

19. Defendants asserts that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is expressly denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA.

20. Defendants asserts that the claims of Plaintiff is barred by the doctrines of estoppel and/or estoppel by silence to the extent that the Plaintiff failed to accurately report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

21.     Defendants assert that the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff did not perform work, including vacation, sick/medical leave, or for periods of time which Plaintiffs were otherwise absent from the workplace, such as holidays and other functions.

22.     Defendants assert that Plaintiff failed to adhere to Defendants' established reasonable process for reporting unpaid overtime hours.

23.     Plaintiff's claims are barred by the applicable statute of limitations and therefore, the claims must be dismissed.

24.     Defendants reserve the right to supplement and amend its Response to assert additional defenses as may become available or appear during the litigation.

WHEREFORE, the Defendants CYPRESS COMMUNICATIONS, INC., CYPRESS COMMUNICATIONS OF S. FLORIDA, INC., and DEAN R. PEZZA jointly respectfully request all relief to which they are entitled, including but not limited to, attorneys' fees and costs on all issues to which it is the prevailing party, requests to dismiss the Complaint with prejudice, and grant any such other legal and equitable relief which this Honorable Court deems just and reasonable.

**DATED: December 23, 2019.**

                                        Respectfully Submitted,

                                        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9228
Facsimile (561) 683-8977
Primary e-mail: rachel.beige@csklegal.com
Secondary e-mail: justin.edell@csklegal.com

By: /s/ *Justin D. Edell*
    RACHEL K. BEIGE
    FBN: 0016366
    JUSTIN D. EDELL
    FBN: 105105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: /s/ *Justin D. Edell*
    RACHEL K. BEIGE
    Florida Bar No.: 16366
    JUSTIN D. EDELL
    Florida Bar No.: 105105